**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KERRY BRANSON,

      Plaintiff,

    v.

CATERPILLAR, INC.,

      Defendant.

No. 23 CV 14329

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kerry Branson applied to work for defendant Caterpillar, Inc. He alleges that Caterpillar violated the Illinois Genetic Information Privacy Act by requesting protected genetic information as part of the application process and seeks to represent a class of plaintiffs. While this current action was pending, Branson filed a bankruptcy petition. Caterpillar moves for judgment on the pleadings on the grounds that Branson now lacks standing to prosecute his GIPA claim. For the reasons discussed below, the motion is granted.

## I. Legal Standards

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" to "dispose of the case on the basis of the underlying substantive merits." Fed. R. Civ. P. 12(c); *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025) (internal quotation marks and citation omitted). Under Federal Rule of Civil

Procedure 17(a), every action must be prosecuted in the name of the real party in interest.

## II.    Background

Defendant Caterpillar, Inc. operates several manufacturing facilities in Illinois. [70] ¶ 14.[1] In March 2019, plaintiff Kerry Branson applied for the position of Material Handler with the facility located in Decatur, Illinois. [70] ¶ 32. During the application process, Caterpillar required Branson to disclose his family medical history as a condition of employment. [70] ¶ 33. Branson received an offer of employment conditioned upon successful completion of a pre-employment physical. [70] ¶ 35. Branson was employed by Caterpillar until March 2023. [70] ¶ 44.

Branson, along with another named plaintiff, originally filed this case in September 2023. [1]. They filed a first amended complaint in November 2023. [17]. In January 2025, Branson—along with now three other named plaintiffs—filed a second amended complaint. [70] ¶¶ 11–13.

Two of these plaintiffs voluntarily dismissed their claims against defendant. [96]. The third plaintiff's claims were dismissed for want of prosecution. [103]. Plaintiff Branson remains the only named plaintiff.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed on the top of filings. The facts are taken from the plaintiff's second amended complaint, [70]. The court has subject-matter jurisdiction over the state-law claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2): at least one putative class member is a citizen of a state other than defendant and the aggregate claims of all members of the proposed class are in excess of $5,000,000. [70] ¶¶ 10–15.

In June 2025, Branson filed a Chapter 7 Bankruptcy Petition. [109-1].[2] In the petition, he sought two exemptions for his GIPA claim against defendant: (1) a $15,000 exemption for personal body injury under 735 ILCS 5/12-1001(h)(4); and (2) a $3,130 wildcard exemption under 735 ILCS 5/12-1001(b). [109-1] at 24. The bankruptcy trustee filed an objection to the bodily injury exemption but did not object to plaintiff's wildcard exemption. [109-2] at 2–3. The bankruptcy judge sustained the trustee's objection and denied an exemption for Branson's $15,000 claim of bodily injury. [109-3] at 2. In October 2025, the bankruptcy court entered an order discharging the petition. [117-1] at 2–3. The bankruptcy case is still open. *See In re Branson*, No. 25-BK-70503 (Bankr. C.D. Ill. June 16, 2025).

Defendant moves for judgment on the pleadings on the grounds that Branson lacks standing in his individual capacity to pursue his GIPA claim. [108] at 2. Specifically, Caterpillar argues that the claim became the property of the bankruptcy estate when he filed his bankruptcy petition. [108] at 1–2.

### III.  Analysis

Caterpillar argues that Branson's GIPA claim belongs to his bankruptcy estate, not him, and therefore Branson cannot bring the suit in his individual capacity. Whether a debtor can bring suit for claims that are part of his bankruptcy estate is "addressed sometimes in terms of standing, sometimes in terms of the real party in interest, and sometimes in terms of both." *Spaine v. Cmty. Contacts, Inc.*,

---

[2] Kerry Branson's bankruptcy petition and related documents—public court documents—are subject to judicial notice. *White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016).

756 F.3d 542, 546 (7th Cir. 2014). The question here is whether Branson's GIPA claim belongs to Branson or the bankruptcy trustee. That makes this a real-party-in-interest issue. *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008) (describing Rule 17(a) as a "procedural rule requiring that the complaint be brought in the name of the party to whom that claim 'belongs' or the party who 'according to the governing substantive law, is entitled to enforce the right'" (citation omitted)).

When someone files a petition for bankruptcy, his property, including his legal claims, becomes part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). If a claim is part of the bankruptcy estate, it belongs to the trustee and he is the real party in interest authorized to bring suit, unless the trustee decides to abandon the claim. *Matthews v. Potter*, 316 Fed. App'x 518, 521 (7th Cir. 2009).[3] A bankruptcy trustee may abandon property of the estate, and abandoned property reverts to the debtor. 11 U.S.C. § 554; *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002). Property that is not abandoned and not administered in the bankruptcy case remains property of the bankruptcy estate. 11 U.S.C. § 554(d).

Plaintiff relies on *In re Polis*, 217 F.3d 899, 901–04 (7th Cir. 2000), to argue that he exempted his GIPA claim from the bankruptcy estate, so it still belongs to him. In *Polis*, a Chapter 7 debtor became the named plaintiff in a putative class action one day before she was discharged from bankruptcy; the debtor tried to exempt her lawsuit from bankruptcy by valuing it within the limits of Illinois's personal property

---

[3] Abandonment requires notice to creditors and the opportunity for a hearing, neither of which has been alleged here. *Biesek v. Soo Line R.R.*, 440 F.3d 410, 413 (7th Cir. 2006).

exemption. 217 F.3d at 901. The court of appeals held that the bankruptcy court erred in revoking the exemption, because the lawsuit was indeed worth less than the amount allowed that debtor for personal property. *Id.* at 904. The lawsuit belonged to the debtor, it had not reverted to the bankruptcy trustee, and it should not have been dismissed. *Id.* But just because a debtor can exempt the value of a civil lawsuit does not mean he is entitled to prosecute it.

Branson argues that by exempting his civil cause of action, he remained a real party in interest. [116] at 5. But *Polis* does not stand for that proposition; indeed, *Polis* observed that the debtor might still have been unable to continue with the suit because it was filed before the exemption. 217 F.3d at 904. Having "a real stake in the class action suit" is not the same as being able to carry a class action forward. *Id.* The unusual chronology of events in *Polis* also does not detract from the general principle that civil lawsuits become the property of a debtor's estate once he files his bankruptcy petition. *Id.* Finally, unlike in *Polis*, the value of Branson's claim exceeds the wildcard exemption limit.[4]

*Polis* suggests that a debtor and a bankruptcy trustee could theoretically share an interest in property that is partially exempt. *Id.* at 904. But the Supreme Court in *Schwab v. Reilly*, 560 U.S. 770 (2010), explained that while the Bankruptcy Code permits the debtor to exempt his "interest" in certain property, title to such assets remains with the bankruptcy estate and the debtor is guaranteed only monetary

---

[4] In his second amended complaint, Branson seeks $15,000 for each of three alleged GIPA violations. [70] ¶¶ 102, 118, 133.

payment for a properly asserted exemption. 560 U.S. at 792. The same is true of the Illinois wildcard exemption, which is similarly classified as a debtor's "interest" in particular property. 735 ILCS 5/12-1001(b); *see also In re Gomez,* 655 B.R. 738, 746 n.2 (Bankr. N.D. Ill. 2023) (noting that the Illinois wildcard exemption excludes only a debtor's "interest" in the lawsuits and not the lawsuits themselves).

## IV.    Conclusion

Caterpillar's motion for judgment on the pleadings, [107], is granted. The trustee of the bankruptcy estate is the real party in interest who is authorized to bring suit on the GIPA claim, not Branson. Rule 17(a)(3) thus requires that I provide the trustee with "reasonable time" to "ratify, join, or be substituted into the action." If the trustee does not ratify, join, or move to substitute into this action by April 24, 2026, Branson's claims will be dismissed with prejudice.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 4/2/2026

6